El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.

———————

FALAGÁN, DEMANDANTE Y APELADO, *v.* ARAN ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre tercería de dominio de bienes inmuebles e *injunction.*

No. 987.—Resuelto en mayo 19, 1914.

TERCERÍA DE BIENES INMUEBLES—EMBARGO EN COBRO DE COSTAS—CONTRATO CELEBRADO EN FRAUDE DE ACREEDORES.—Embargada una finca como de la propiedad de determinada persona para el cobro de costas, si la finca embargada fué vendida legalmente, antes del embargo, a otra persona, ésta puede pedir el levantamiento del embargo por medio de un procedimiento de tercería.

ID.—CONTRATO CELEBRADO EN FRAUDE DE ACREEDORES.—La acción de rescisión de un contrato celebrado en fraude de acreedores, es subsidiaria, pudiendo ejercitarse solamente cuando el demandado carece de todo otro recurso legal para obtener la reparación del perjuicio.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. José Sabater.*

Abogado de los apelantes: Emilio Arán y Alejandrina Blanco Ramírez: *Sr. José Benet.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Francisco Falagán Lobato presentó demanda en la Corte de Distrito de Mayagüez contra Emilio Arán Cuascú, Alejandrina Blanco Ramírez y Agustín Hernández Mena, alegando, en resumen, que era dueño de cierto condominio en una finca rústica, por haberlo comprado a su dueño anterior el demandado Hernández Mena, y que los demandados Arán y Ramírez habían embargado dicho condominio como si fuera aún de la propiedad de Hernández Mena, a los efectos del

cobro de ciertas costas al pago de las cuales fué condenado el repetido Hernández Mena. Basándose en tales hechos, que se narran con la extensión debida en la demanda, el demandante suplicó a la corte que dictara sentencia ordenando el levantamiento de los embargos practicados, y declarando que el condominio en cuestión pertenecía exclusivamente al demandante.

El demandado Hernández Mena se allanó a la demanda, y los demandados Arán y Blanco formularon contra ella varias excepciones, que fueron declaradas sin lugar, y la contestaron finalmente aceptando algunos de sus hechos, negando otros, y alegando como materia nueva que si bien era cierto que el demandante Falagán había adquirido del demandado Hernández Mena el condominio embargado, lo había sido en fraude de los demandados Arán y Blanco que eran acreedores legítimos del demandado Hernández Mena. Los repetidos demandados Arán y Ramírez solicitaron la desestimación de la demanda y la declaración de que el condominio embargado era de la propiedad del demandado Agustín Hernández Mena.

Señalado día para la vista, ambas partes practicaron su prueba, y la corte dictó finalmente su sentencia declarando con lugar la demanda. Contra dicha sentencia los demandados Arán y Blanco interpusieron el presente recurso de apelación.

Por virtud de las alegaciones y las pruebas quedó plenamente establecido que la venta del condominio de que se trata hecha por Agustín Hernández Mena a Francisco Falagán Lobato, se llevó a efecto por escritura pública otorgada el 7 de abril de 1911, y que los mandamientos de embargo se anotaron en el Registro de la Propiedad de San Germán el 27 de julio de 1912, cuando aún el condominio aparecía inscrito a favor de Agustín Hernández Mena.

Los demandados Arán y Ramírez, presentaron prueba tendente a demostrar el fraude que habían alegado en la mate-

ria nueva de su contestación.  El juez sentenciador, analizándola, se expresa como sigue:

"Toda la evidencia presentada por los demandados referidos, tendente a probar la simulación de la mencionada escritura, no es bastante, legalmente, a juicio de la corte, para llegar a la conclusión, legal, de que ha habido simulación o fraude en el otorgamiento de dicha escritura, y que tal traspaso de bienes fuera hecho con la intención, de burlar o defraudar a los acreedores de Agustín Hernández Mena, para que no pudieran éstos cobrar las costas a que aquél fué condenado.  La prueba de los demandados Arán Cuascú y Blanco Ramírez, ha sido toda ella circunstancial, y, aunque levanta sospechas sobre la escritura de 7 de abril de 1911, la corte no considera bastante dicha evidencia, para llegar, legalmente, a la conclusión de que la escritura referida es fraudulenta y simulada."

Además, aún en el caso de que pudiera concluirse que la prueba demostraba la existencia de la simulación de la venta que aparece hecha por la escritura de 7 de abril de 1911, y aún en el de que la petición de los demandados Arán y Ramírez pudiera declararse con lugar en un pleito de esta naturaleza y en la forma en que se hizo, nos encontraríamos que, en esencia, la que ejercitaron los dichos demandados fué una acción de rescisión de un contrato celebrado en fraude de acreedores, y como dicha acción, según terminantemente prescribe el artículo 1261 del Código Civil, es subsidiaria y no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio, y como en este caso los demandados Arán y Ramírez no probaron que no pudieran cobrar su deuda del propio deudor Agustín Hernández Mena, y, por el contrario, cierta escritura presentada en el acto de la vista por el demandado Hernández Mena, tiende a probar que era dueño de una finca rústica situada en el término municipal de Manatí, se llegaría siempre a la conclusión de que debía desestimarse la solicitud de los demandados Arán y Ramírez.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.